FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 8, 2026
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas

Fort Smith Division

| | | |
|---|---|---|
| AMANDA LYNN VALLE<br>ZACHARIAH JACOB VALLE<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Case No. 2:26-cv-02144<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Amanda Lynn Valle Zachariah Jacob Valle |
| Street Address | P.O. Box 63 |
| City and County | Waldron Scott |
| State and Zip Code | Arkansas 72958 |
| Telephone Number | (509)496-4228 |
| E-mail Address | av2712911@gmail.com trusteeoffice0@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Equifax Information Services, LLC |
| Job or Title *(if known)* | |
| Street Address | 1550 Peachtree Street North East |
| City and County | Atlanta |
| State and Zip Code | GA 30309 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., including 15 U.S.C. §§ 1681e(b), 1681i, 1681n, and 1681o.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________. Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached Statement of Claim

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Prayer for Relief.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/27/26

Signature of Plaintiff [signature] / [signature]

Printed Name of Plaintiff Zachariah Valle / Amanda Valle

### B. For Attorneys

Date of signing: __________

Signature of Attorney __________

Printed Name of Attorney __________

Bar Number __________

Name of Law Firm __________

Street Address __________

State and Zip Code __________

Telephone Number __________

E-mail Address __________



Print Save As... Add Attachment Reset

# STATEMENT OF CLAIM

Plaintiffs Amanda Valle and Zachariah Valle ("Plaintiffs"), proceeding pro se, bring this action against Defendant Equifax Information Services LLC ("Equifax") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

1. Plaintiffs are consumers as defined by 15 U.S.C. § 1681a(c).
2. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).
3. Equifax maintained consumer credit files concerning Plaintiffs and prepared and furnished consumer reports containing information concerning accounts disputed by Plaintiffs.
4. On or about September 19, 2025, Plaintiffs submitted written disputes to Equifax by certified mail challenging information appearing in their respective Equifax consumer credit files.
5. Plaintiff Amanda Valle disputed information concerning the following accounts:

   JPMorgan Chase Bank, N.A. — Account ending in 4774

   Ally Financial Inc. — Account ending in 5713

   First Interstate Bank / Frost-Arnett — Account No. 95126020
6. Plaintiff Zachariah Valle disputed information concerning the following accounts:

   Snap-on Credit LLC — Account No. 121293336

   Ally Financial Inc. — Account ending in 5713

7. Plaintiffs' written disputes challenged the accuracy, completeness, and/or verification of information Equifax maintained and reported concerning the disputed accounts.
8. Plaintiffs provided Equifax with written information explaining the bases of their disputes and requested that Equifax investigate the disputed information and correct or delete information determined to be inaccurate, incomplete, or incapable of verification.
9. Following the September 19, 2025 disputes, Equifax issued correspondence concerning Plaintiff Amanda Valle using the former name "Amanda L. Brown," despite Amanda having ceased legally using that surname years earlier.
10. On October 23, 2025, Amanda sent additional written correspondence to Equifax specifically identifying the September 19, 2025 dispute and notifying Equifax that its response had used the former name "Amanda L. Brown" and had failed to substantively resolve the disputed information.
11. Plaintiffs continued attempting to resolve the disputed reporting directly with Equifax.
12. On November 20, 2025, Amanda again provided Equifax written notice concerning the unresolved reporting associated with JPMorgan Chase account ending in 4774, Ally Financial account ending in 5713, and First Interstate Bank/Frost-Arnett account No. 95126020.
13. On November 20, 2025, Zachariah likewise provided Equifax additional written notice concerning the unresolved reporting associated with Snap-on Credit LLC account No. 121293336 and Ally Financial account ending in 5713.
14. Despite these repeated written disputes and notices, Plaintiffs allege that Equifax failed to reasonably resolve the specific inaccuracies and deficiencies brought to its attention.
15. Plaintiffs further allege that Equifax continued maintaining and/or reporting challenged information after receiving repeated notice that Plaintiffs disputed its accuracy or completeness.

16. Following Plaintiffs' repeated disputes, the Snap-on Credit LLC and First Interstate Bank/Frost-Arnett tradelines were subsequently deleted from the applicable Equifax consumer credit files.

17. The Ally Financial Inc. tradeline, however, remains on the applicable Equifax consumer credit report despite Plaintiffs' repeated disputes concerning that account.

18. The subsequent deletion of the Snap-on Credit LLC and First Interstate Bank/Frost-Arnett tradelines did not eliminate damages Plaintiffs allegedly sustained during the period in which the challenged information was maintained and/or reported by Equifax.

19. Plaintiffs allege that Equifax failed to conduct reasonable reinvestigations of the disputed information as required by 15 U.S.C. § 1681i.

20. Plaintiffs further allege that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs contained in consumer reports, as required by 15 U.S.C. § 1681e(b).

21. After Plaintiffs' efforts to resolve the disputed reporting directly with Equifax failed, Plaintiffs pursued consumer arbitration proceedings through the American Arbitration Association ("AAA").

22. The Equifax-related arbitration proceedings included:

AAA Case No. 01-26-0000-7431 — Account ending in 5713

AAA Case No. 01-26-0001-5492 — Account ending in 4774

AAA Case No. 01-26-0001-5565 — Account ending in 3336

AAA Case No. 01-26-0001-3453 — Account ending in 6020

23. In AAA Case No. 01-26-0000-7431, AAA issued correspondence dated July 28, 2026 stating that it had not received the requested payment and administratively closed the case due to the Business's nonpayment.
24. AAA further advised that, pursuant to its Consumer Arbitration Rules, either party could choose to submit the dispute to the appropriate court for resolution.
25. In AAA Case No. 01-26-0001-5565, Arbitrator Jack R. "Rob" Dodson III entered a Suspension Order dated August 6, 2026 after AAA advised the arbitrator that the required deposits had not been received.
26. The Suspension Order stated that the Business had been directed to deposit the required sums and suspended administration of the arbitration until the deposits were received.
27. In AAA Case No. 01-26-0001-5492, Arbitrator Keith A. Langley entered a Suspension Order dated August 12, 2026 after AAA advised the arbitrator that the required deposits had not been received.
28. AAA subsequently issued correspondence dated August 13, 2026 confirming that the requested administrative fees and deposit in Case No. 01-26-0001-5492 had not been paid.
29. AAA Case No. 01-26-0001-3453 followed a different procedural course. The Claimant voluntarily dismissed that proceeding without prejudice in order to pursue the claims in federal court rather than continue litigating the issue of arbitrability before AAA.
30. AAA thereafter closed Case No. 01-26-0001-3453 as withdrawn without prejudice.
31. No arbitrator reached or adjudicated the merits of Plaintiffs' underlying FCRA claims in the arbitration proceedings described above.
32. Plaintiffs allege that Equifax had repeated and specific notice that Plaintiffs challenged information appearing in their consumer credit files.

33. Plaintiffs allege that Equifax nevertheless failed to conduct reasonable reinvestigations into the specific disputed information and failed to timely correct or delete inaccurate, incomplete, or unverifiable information as required by the FCRA.

34. Plaintiffs further allege that Equifax failed to maintain reasonable procedures designed to assure maximum possible accuracy of information appearing in Plaintiffs' consumer reports.

35. Plaintiffs allege that Equifax's conduct was willful and/or reckless because Equifax continued its challenged conduct after receiving repeated written notice concerning the alleged inaccuracies and deficiencies in its handling of Plaintiffs' disputes.

36. Alternatively, to the extent Equifax's violations are determined not to have been willful, Plaintiffs allege that Equifax negligently failed to comply with its obligations under the FCRA.

37. As a direct and proximate result of Equifax's alleged conduct, Plaintiffs have suffered actual damages, including impairment of their credit profiles and creditworthiness, lost or impaired credit opportunities, frustration, inconvenience, emotional distress, loss of sleep, and other damages to be established through evidence and testimony.

38. Plaintiffs seek actual damages and all other relief available for negligent noncompliance pursuant to 15 U.S.C. § 1681o.

39. Plaintiffs further seek actual or statutory damages as permitted by law, punitive damages upon proof of willful noncompliance, and recoverable costs pursuant to 15 U.S.C. § 1681n.

40. To the extent Equifax seeks to compel Plaintiffs to return to arbitration, Plaintiffs allege that Equifax's prior failure to pay required arbitration fees and deposits constitutes default, waiver, forfeiture, or other grounds precluding Equifax from compelling Plaintiffs to return to an arbitration forum that Equifax previously failed to fund.

41. Plaintiffs therefore bring this action seeking judgment against Equifax Information Services LLC and all relief authorized by the Fair Credit Reporting Act and applicable law.

## Prayer for relief

WHEREFORE, Plaintiffs Amanda Valle and Zachariah Valle respectfully request that this Court enter judgment in their favor and against Defendant Equifax Information Services LLC and award the following relief:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Statutory damages as authorized by 15 U.S.C. § 1681n;

C. Punitive damages pursuant to 15 U.S.C. § 1681n upon a finding of willful noncompliance;

D. Recoverable costs as permitted by the Fair Credit Reporting Act;

E. Prejudgment and post-judgment interest to the extent permitted by law; and

F. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Amanda Valle and Zachariah Valle respectfully demand a trial by jury on all claims and issues so triable.

Respectfully submitted,

Amanda Valle, Plaintiff Pro Se

P.O. Box 63

Waldron, Arkansas 72958

Zachariah Valle, Plaintiff Pro Se

P.O. Box 63

Waldron, Arkansas 72958

Date: 8/27/26

Exhibit A

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway, 21st Floor
New York, NY 10271

August 13, 2026

Amanda Valle
Snap No More Trust
P.O. Box 63
Waldron, AR 72958
Via Email to: trusteeoffice0@gmail.com

Equifax Arbitration Administration
Equifax Consumer Services, LLC
1550 Peachtree Street North East
Atlanta, GA 30309
Via Email to: Arbitration@equifax.com

Case Number: 01-26-0001-5492

Snap No More Trust/Amanda Valle, Trustee
-vs-
Equifax - Acct # ending in 4774

Dear Parties:

As the requested administrative fees and deposit have not been paid, enclosed is an order from the arbitrator to suspend this case's administration. The parties have thirty (30) days from the date of the suspension order (on or before September 11, 2026) to resolve all outstanding payments.

Upon receipt of payment, we will advise the arbitrator that all necessary deposits have been paid. If the deposits are not received, the arbitrator will be advised and determine how to proceed, which may include termination of this matter.

Further, should the AAA close the case for the Business's failure to remit payment, we may decline to administer future consumer arbitrations involving the Business and may request that the Business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision. Additionally, if the Business previously registered its consumer arbitration clause, it will be removed from the Consumer Clause Registry.

If, in the future, the Business advises of its intention to comply with the AAA's Consumer Arbitration Rules and, if applicable, resolves any outstanding payment obligations, the AAA may consider, at its sole discretion, accepting newly filed consumer cases going forward.

According to R-10 of the Consumer Arbitration Rules, should the AAA decline to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Sincerely,
*/s/ Anthony Miles on behalf of*
Billy Crow
Manager of ADR Services
Direct Dial: (401)431-4759
Email: BillyCrow@adr.org

Enclosure
bcc: Arbitrator Langley
cc: Amanda L. Valle
Carley Thompson, Esq.

Exhibit B

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**AMERICAN ARBITRATION ASSOCIATION**

In the Matter of the Arbitration between:

Case Number: 01-26-0001-5492

Snap No More Trust/Amanda Valle, Trustee, Claimant
-vs-
Equifax - Acct # ending in 4774, Respondent

**SUSPENSION ORDER OF ARBITRATOR**

I, Keith A. Langley, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named Parties, hereby ORDER as follows:

In accordance with Consumer Arbitration Rules (Rules) R-52 and R-55, the American Arbitration Association (AAA) may require the Parties to deposit sums for arbitrator compensation and administrative fees in advance of the hearings. The Business was directed to deposit such sums by July 10, 2026, and July 28, 2026. The Consumer was also provided an opportunity to make the requested payment on behalf of the Business. The AAA has advised the arbitrator that full deposits were not received as requested. Inasmuch as the AAA has not received the required deposits and in accordance with R-56(c) of the Rules, all administration on this matter is suspended until such time as full deposits are received.

Accordingly, the Parties are given thirty (30) days from the date of this Suspension Order to comply with the deposit requirement, as directed and ordered by the arbitrator. If deposits are not received by the above due date, a Termination Order will be issued.

8/12/2026

Keith A. Langley

Keith A. Langley, Arbitrator

Exhibit C

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Case Number: 01-26-0001-5565

Snap No More Trust/Amanda Valle, Trustee
-vs-
Equifax - Acct # ending in 3336

## SUSPENSION ORDER OF ARBITRATOR

I, Jack R. "Rob" R Dodson III, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named Parties, hereby ORDER as follows:

In accordance with Consumer Arbitration Rules (Rules) R-52 and R-55, the American Arbitration Association (AAA) may require the Parties to deposit sums for arbitrator compensation and administrative fees in advance of the hearings. The Business was directed to deposit such sums by July 6, 2026, and July 21, 2026. The Consumer was also provided an opportunity to make the requested payment on behalf of the Business. The AAA has advised the arbitrator that full deposits were not received as requested. Inasmuch as the AAA has not received the required deposits and in accordance with R-56(c) of the Rules, all administration on this matter is suspended until such time as full deposits are received.

Accordingly, the Parties are given thirty (30) days from the date of this Suspension Order to comply with the deposit requirement, as directed and ordered by the arbitrator. If deposits are not received by the above due date, a Termination Order will be issued.

August 6, 2026
Date

Jack R. Dodson III
Jack R. "Rob" R Dodson III, Arbitrator

Exhibit D

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway, 21st Floor
New York, NY 10271

August 6, 2026

Amanda Valle
Snap No More Trust
P.O. Box 63
Waldron, AR 72958
Via Email to: trusteeoffice0@gmail.com

Equifax Arbitration Administration
Equifax Consumer Services, LLC
1550 Peachtree Street North East
Atlanta, GA 30309
Via Email to: Arbitration@equifax.com

Case Number: 01-26-0001-5565

Snap No More Trust/Amanda Valle, Trustee
-vs-
Equifax - Acct # ending in 3336

Dear Parties:

As the requested deposits have not been paid, enclosed is an order from the arbitrator to suspend this case's administration. The parties have thirty (30) days from the date of the suspension order to resolve the nonpayment of deposits.

Upon receipt of payment, we will advise the arbitrator that all necessary deposits have been paid. If the deposits are not received, the arbitrator will be advised and determine how to proceed, which may include termination of this matter.

Further, should the AAA close the case for the Business's failure to remit payment, we may decline to administer future consumer arbitrations involving the Business and may request that the Business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision. Additionally, if the Business previously registered its consumer arbitration clause, it will be removed from the Consumer Clause Registry.

If, in the future, the Business advises of its intention to comply with the AAA's Consumer Arbitration Rules and, if applicable, resolves any outstanding payment obligations, the AAA may consider, at its sole discretion, accepting newly filed consumer cases going forward.

According to R-10 of the Consumer Arbitration Rules, should the AAA decline to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Sincerely,
/s/
Billy Crow
Manager of ADR Services
Direct Dial: (401)431-4759
Email: BillyCrow@adr.org

Exhibit E

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway, 21st Floor
New York, NY 10271

August 5, 2026

Amanda Valle
Snap No More Trust
P.O. Box 63
Waldron, AR 72958
Via Email to: trusteeoffice0@gmail.com

Equifax Arbitration Administration
Equifax Consumer Services, LLC
1550 Peachtree Street North East
Atlanta, GA 30309
Via Email to: Arbitration@equifax.com

Case Number: 01-26-0001-3453

Snap No More Trust/Amanda Valle, Trustee
-vs-
Equifax - Acct # ending in 6020

Dear Parties:

On August 5, 2026, the American Arbitration Association (AAA) reviewed and finalized the billing for this matter and closed this case as withdrawn without prejudice.

Please note that the AAA WebFile® ECF Guidelines will not apply after the case is closed. Therefore, any additional submissions from the parties in this matter should be emailed to the AAA, with copies sent to all other parties.

Any outstanding balances incurred during the case remain due and payable to the AAA after the case is closed. Monthly invoices will continue to be issued until the balance is paid. The AAA will process any refund due to a party as soon as possible.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator Hillis, who is receiving a copy of this correspondence, for serving on this matter.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Anthony Miles on behalf of*
Billy Crow
Manager of ADR Services
Direct Dial: (401)431-4759
Email: BillyCrow@adr.org

cc: Amanda L. Valle; Carley Thompson, Esq.

Exhibit F

AMERICAN ARBITRATION ASSOCIATION

SNAP NO MORE TRUST/AMANDA VALLE, TRUSTEE,
Claimant,

v.

EQUIFAX INFORMATION SERVICES LLC,
Respondent.

Case No. 01-26-0001-3453

NOTICE OF VOLUNTARY DISMISSAL

Claimant, Snap No More Trust/Amanda Valle, Trustee, appearing pro se, hereby voluntarily dismisses this arbitration without prejudice.

Claimant has elected to pursue her claims in federal court rather than continue litigating the issue of arbitrability before the American Arbitration Association. Accordingly, Claimant respectfully requests that the American Arbitration Association close this matter without prejudice.

Respectfully submitted,

Dated: August 5, 2026

Amanda Valle, Trustee
Claimant, Pro Se

Exhibit G

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Central Case Management Center
Sophia Parra
Assistant Vice President
13727 Noel Road
Suite 1025
Dallas, TX 75240
Telephone: (972)702-8222

July 28, 2026

Amanda Valle
P.O. Box 63
Waldron, AZ 72958
Via Email to: trusteeoffice0@gmail.com

Carley Thompson, Esq.
Equifax Inc.
1550 Peachtree Street NE
Atlanta, GA 30309
Via Email to: carley.thompson@equifax.com

Case Number: 01-26-0000-7431

Snap No More Trust - Amanda Valle Trustee
-vs-
Equifax - Acct # ending in 5713

Dear Parties:

This letter confirms that the American Arbitration Association (AAA) has not received the requested payment. Therefore, on July 28, 2026, the AAA has administratively closed this case due to the Business's nonpayment of the requested fee and/or deposit according to the arbitrator's suspension order. According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any outstanding balances incurred during the case remain due and payable to the AAA, even after the case is closed. Monthly invoices will continue to be issued until the balance is paid. The AAA will process any refund due to a party as soon as possible.

Please note that the AAA WebFile® ECF Guidelines will not apply after the case is closed. Therefore, any additional submissions from the parties in this matter should be emailed to the AAA, with copies sent to all other parties.

We thank Arbitrator Smith, who is receiving a copy of this correspondence, for serving on this matter.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

Sincerely,
/s/ Kristina Alcoreza, on behalf of,
Cassie Gillson

P.O. Box 63
Waldron, AR 72958

United States Di
Office of the C
30 S. 6th Street,
Fort Smith, AR

Retail

UNITED STATES POSTAL SERVICE®

RDC 99

72901

U.S. POSTAGE PAID
FCM LG ENV
WALDRON, AR 72958
AUG 28, 2026

$3.14

S2323Y501506-03

strict Court
lerk
Room 1038
72901