**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | | |
|---|---|---|
| AMANDA LYNN VALLE and ZACHARIAH JACOB VALLE,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | ) | Case No. 2:26-cv-02144-DCF |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned counsel, hereby files this Brief in Support of its Partial Motion to Dismiss the First Amended Complaint filed by *pro se* Plaintiffs Amanda Lynn Valle and Zachariah Jacob Valle ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Equifax moves to dismiss (1) all claims asserted by Plaintiff Zachariah Valle; (2) Plaintiff Amanda Valle's claim under 15 U.S.C. § 1681e(b); (3) Amanda Valle's claim under 15 U.S.C. § 1681i to the extent it is premised on the Ally Financial tradeline; and (4) all claims for willful noncompliance under 15 U.S.C. § 1681n.

## I. INTRODUCTION

After Equifax moved to dismiss their original Complaint, Plaintiffs filed a First Amended Complaint ("FAC") asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and 1681i. FAC ¶ 3. The FAC is notable chiefly for what Plaintiffs now concede.

Zachariah Valle identifies no inaccurate item of information in his file at all. Amanda Valle concedes that the Ally Financial balance is not demonstrably incorrect and that the Ally payment-history display does not establish a reporting error; her real complaint is a legal dispute with Ally over repossession notices and the enforceability of a deficiency. *Id.* ¶¶ 12–14. Amanda also admits that she "cannot identify a specific third-party recipient" of any Equifax consumer report. *Id.* ¶ 30. And Plaintiffs seek willfulness damages only "if the evidence establishes" a knowing or reckless violation. *Id.* ¶¶ 28, 35. Because a factual inaccuracy is the threshold element of both a § 1681e(b) and a § 1681i claim, and because § 1681e(b) requires that a consumer report actually have been prepared and furnished, these claims should be dismissed. Having already amended once in response to a motion to dismiss, Plaintiffs should not be given another opportunity to replead them.

## II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

For purposes of this Motion only, Equifax accepts the well-pleaded factual allegations of the FAC as true. Plaintiffs allege that in September 2025 they sent separate written disputes to Equifax. FAC ¶¶ 4–5. Amanda Valle disputed an Ally Financial account ending in 5713, a JPMorgan Chase account ending in 4774, and a First Interstate Bank/Frost-Arnett tradeline. *Id.* ¶ 5. Zachariah Valle disputed the Ally Financial account ending in 5713 and a Snap-on Credit LLC tradeline. *Id.* The First Interstate and Snap-on tradelines were later deleted at the request of the furnishers, and Plaintiffs "do not contend that Equifax delayed those requested deletions." *Id.* ¶ 9.

*Ally Financial.* Equifax reported the Ally account as charged off with an approximately $12,862 balance and a May 12, 2023 date of first delinquency, with a notation that the consumer disputes the account. FAC ¶ 10. Plaintiffs concede that Ally's records show a missed May 11, 2023 installment, that they "do not allege that a cure deadline in July, standing alone, disproves the May 12 first-delinquency date," that they "do not assert that the [payment-history] display alone conclusively establishes a reporting error," and that they do not claim the reported balance

"is demonstrably arithmetically incorrect." *Id.* ¶¶ 11–13. Instead, Plaintiffs dispute whether Ally provided pre-sale and post-sale repossession notices and whether the deficiency is enforceable—issues they are pursuing in arbitration with Ally. *Id.* ¶ 13. They concede that Equifax was not "required to adjudicate disputed state-law repossession rights." *Id.* ¶ 14.

*Snap-on Credit.* Zachariah Valle alleges only that the underlying Snap-on agreement characterized his tool purchase as business-purpose and that he "disputes the accuracy and characterization of information" in his file. FAC ¶ 22. He does not allege that the business-purpose designation barred reporting, that deletion establishes any inaccurate field, or that Equifax failed to act promptly on Snap-on's deletion request. *Id.* ¶ 23. He asserts a § 1681e(b) claim "only to the extent discovery establishes" that Equifax furnished a materially inaccurate report about him. *Id.* ¶ 31.

*Dissemination and damages.* Plaintiffs "presently cannot identify a specific third-party recipient" of any Equifax report concerning Amanda, and do not allege that they were denied any credit application because of an Equifax report. FAC ¶¶ 30, 33. They allege anxiety, interrupted sleep, and time spent on disputes. *Id.* ¶ 32. Zachariah alleges only that he "experienced concern regarding the Ally and Snap-on entries in his file." *Id.* ¶ 34.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although *pro se* complaints are entitled to a less stringent standard, the court "do[es] not . . . blindly accept the legal conclusions drawn by the pleader from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). When considering a motion to dismiss for failure to state a claim, "even a pro se plaintiff must allege specific facts sufficient to support a claim." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678-79.

## IV. ARGUMENT

### A. Zachariah Valle's Claims and Amanda Valle's Ally-Based Claim Fail Because They Do Not Plead Any Factual Inaccuracy.

Section 1681e(b) requires a consumer reporting agency, when preparing a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i requires a consumer reporting agency, upon notice of a dispute regarding "the completeness or accuracy of any item of information," to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A). Courts uniformly hold that a plaintiff asserting either claim must show, as a threshold matter, that the consumer reporting agency reported inaccurate information. *See e.g., Moore v. Experian Info Sols., Inc.*, No. 4:22-cv-00354-SHL-HCA, 2023 WL 12250805, at *3 (S.D. Iowa Feb. 3, 2023) ("Paramount to a consumer's entitlement to relief against a consumer reporting agency for FCRA violations is the presence of inaccurate information on a report."); *Barrett v. Equifax Info. Serv. LLC,* No. 1:19-cv-0017, 2020 WL 6231895, at *4 (D.N.D Mar. 16, 2020); *See also, e.g., Paul v. Experian Info. Sols., Inc.,* 793 F. Supp. 2d 1098, 1101-02 (D. Minn. 2011); *Foster v. Exeter Fin. LLC*, 2019 WL

5550542, at *3 (E.D. Mo. Oct. 28, 2019) (§ 1681i); *Campbell v. Experian Info. Sols., Inc.,* 2009 WL 3834125, at *4 (W.D. Mo. Nov. 13, 2009) (§ 1681e(b)); *Boyd v. Experian*, No. 4:23-CV-0013 JMB, 2023 WL 346004, at *4 (E.D. Mo. Jan. 20, 2023)*; Bibbs v. Trans Union LLC*, 43 F.4th 331, 343 (3d Cir. 2022); *Wright v. Experian Info. Solutions, Inc.*, 805 F. 3d 1232, 1242 (10th Cir. 2015) ("To prevail on a § 1681i(a) claim…plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (Under § 1681i, a plaintiff "must make a 'prima facie showing of inaccurate reporting.'"); *Cohen v. Trans Union*, 67 Fed. Appx. 325, 326 (6th Cir. 2003) ("A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act."); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156–60 (11th Cir. 1991). Absent an inaccuracy, there is nothing for a reasonable procedure to have prevented and nothing for a reinvestigation to have corrected.

*Zachariah Valle.* Zachariah does not identify a single inaccurate item of information in his consumer file. As to Snap-on, he alleges only that he "disputes the accuracy and characterization of information," and he expressly disclaims that the business-purpose designation barred reporting or that deletion establishes any inaccurate field. FAC ¶¶ 22–23. As to Ally, the FAC's specific allegations concern only Amanda's account-history display; nothing identifies any inaccuracy in Zachariah's file. *See id.* ¶¶ 10–14, 26, 29. His § 1681e(b) claim is expressly contingent on what "discovery establishes." *Id.* ¶ 31. A plaintiff may not plead a claim in the hope that discovery will supply its elements; these are precisely the "[t]hreadbare recitals" that *Iqbal* holds insufficient. 556 U.S. at 678. Moreover, Zachariah's only alleged harm is that he "experienced concern" regarding entries in his file, FAC ¶ 34, which does not plausibly allege actual damages caused by any

violation. *See Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 828 (8th Cir. 2013). All of Zachariah's claims should be dismissed.[1]

*Amanda Valle — Ally Financial.* Amanda's Ally-based claim fares no better. She concedes that the reported balance is not demonstrably incorrect, that the July cure deadline does not disprove the May 12, 2023 first-delinquency date, and that the payment-history display does not "conclusively establish[] a reporting error"; at most, she contends the display "warrants comparison with the original payment records." FAC ¶¶ 11–13. Her dispute packet sought Ally's "underlying sale and accounting information." *Id.* ¶ 6. But the FCRA does not require a consumer reporting agency to delete accurate information merely because a consumer disputes it or demands documentary proof; it requires a reasonable reinvestigation of whether the information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A), (a)(5)(A). *See Brill v. Trans Union, LLC*, 838 F.3d 919, 921 (7th Cir. 2016) (holding Trans Union had no duty to do more than confirm accuracy with the furnisher, e.g. conduct handwriting analysis on underlying lease between the plaintiff and creditor); *Watkins v. Experian Info. Solutions, Inc.,* No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *22-23 (W.D. Tex. Sept. 8, 2014) (holding that the FCRA does not require consumer reporting agencies to obtain and/or disclose original loan documents); *Whiteford v. Equifax, Inc.,* Civil Action No. 2:21-cv-94, 2021 U.S. Dist. LEXIS 157141, at *8 (W.D. Penn. Aug. 18, 2021) (granting Defendants' motion for judgment on the pleadings and holding, "CRAs are not responsible for maintaining or presenting original copies of 'contracts' for the accounts they report"); *Butler v. Equifax Info. Servs. LLC*, No. 3:17-cv-422, 2018 WL 5986534, at *3 (N.D. Fla. 2018) ("[the FCRA] does not mandate that Experian… obtain and provide plaintiff with the

[1] Plaintiffs' allegation that some Equifax correspondence used Ms. Valle's former surname likewise identifies no inaccuracy in any consumer report furnished to a third party; at most it describes the name under which correspondence was addressed. FAC ¶ 7.

original loan documents he signed"), *adopted in full by* 2018 WL 5981841, (N.D. Fla. Nov. 14, 2018); *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 7228866, at *9 (D Md. Dec. 13, 2016) (holding that the FCRA does not require consumer reporting agencies to obtain and/or disclose original loan documents).

What remains of the Ally claim is a legal dispute between Amanda and Ally over whether Ally gave proper repossession notices and whether the resulting deficiency is enforceable—a dispute she is pursuing in arbitration with Ally. FAC ¶ 13. Consumer reporting agencies are not tribunals, and a consumer's legal defense to an underlying debt is not a factual inaccuracy in the reporting of that debt. *See, e.g.*, *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022) ("We join our sister circuits in rejecting the invitation to mandate that CRAs hire individuals with legal training to preemptively determine the validity of reported debts."). Amanda concedes as much: she does not allege that Equifax was "required to adjudicate disputed state-law repossession rights," or that the pending arbitration "establishes an FCRA inaccuracy." *Id.* ¶¶ 13–14. Amanda's § 1681i claim should be dismissed to the extent it is premised on the Ally tradeline.

**B. Amanda Valle's § 1681e(b) Claim Fails Because She Admits No Consumer Report Was Furnished to a Third Party.**

Section 1681e(b) applies "[w]henever a consumer reporting agency prepares a consumer report." 15 U.S.C. § 1681e(b). A consumer report is, by definition, a communication of information by a consumer reporting agency to a third party. *See* 15 U.S.C. § 1681a(d)(1). Accordingly, a § 1681e(b) claim requires that the defendant actually prepared and furnished a consumer report containing inaccurate information. *See, e.g.*, *Thomas v. Equifax Info. Servs. LLC*, No. 1:22-cv-4848-CAP-JKL, 2023 L 4049317, at *3 (N.D. Ga. April 12, 2023) (collecting cases; dismissing § 1681e(b) claim where "Plaintiff has not identified any third party to whom Equifax allegedly supplied inaccurate information"); *Ayala v. Experian Info. Sols., Inc.*, No. 22-cv-04935,

2024 WL 1328827, at *5 (N.D. Ill. Mar. 28, 2024) (collecting cases; dismissing case where "Plaintiff points to no evidence that Defendant provided an inaccurate consumer report to any third party[.]"). Amanda pleads her claim only conditionally—"[t]o the extent Equifax prepared and furnished a consumer report containing materially inaccurate or misleading information"—and admits that she "presently cannot identify a specific third-party recipient of such an Equifax report." FAC ¶ 30. She also does not allege that any credit denial was caused by an Equifax report. *Id.* ¶¶ 30, 33. Without a consumer report, there is no § 1681e(b) claim. *See also Taylor*, 710 F.3d at 828 ("[A] consumer must present competent evidence of actual injury to state a claim under the FCRA.").

The same admission defeats Amanda's standing to pursue a § 1681e(b) claim. A plaintiff must allege a concrete injury in fact; a bare procedural violation of the FCRA, divorced from any concrete harm, does not suffice. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42 (2016). In *TransUnion LLC v. Ramirez*, the Supreme Court held that inaccurate information in a credit file that was not disseminated to third parties did not cause a concrete injury. 594 U.S. 413, 426–27, 433–34 (2021). Amanda does not allege that any inaccurate Equifax report was disseminated to anyone. FAC ¶ 30. Her § 1681e(b) claim should be dismissed.

### C. Plaintiffs Fail to Plead Facts Supporting Willful Noncompliance Under 15 U.S.C. § 1681n.

To recover statutory or punitive damages under § 1681n, a plaintiff must establish that the defendant "willfully fail[ed] to comply" with the FCRA, which requires a knowing or reckless violation. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–58 (2007). A company does not act recklessly unless its action was "not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. The FAC pleads no facts suggesting

knowing or reckless conduct. Plaintiffs instead seek willfulness damages "only if the evidence establishes a knowing or reckless violation" and "only if willful noncompliance is proved." FAC ¶¶ 28, 35. That is not a factual allegation; it is a reservation of a theory pending discovery. Plaintiffs also concede that Equifax promptly deleted the First Interstate and Snap-on tradelines when the furnishers requested deletion. *Id.* ¶ 9. All claims for willful noncompliance under § 1681n should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Equifax respectfully requests that the Court grant this Partial Motion to Dismiss and dismiss with prejudice (1) all claims asserted by Plaintiff Zachariah Valle; (2) Plaintiff Amanda Valle's claim under 15 U.S.C. § 1681e(b); (3) Amanda Valle's claim under 15 U.S.C. § 1681i to the extent premised on the Ally Financial tradeline; and (4) all claims for willful noncompliance under 15 U.S.C. § 1681n. Because Plaintiffs have already amended once in response to Equifax's prior motion, and their concessions confirm that further amendment would be futile, dismissal should be with prejudice. Equifax further requests all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Ralph D. Scott III*

Ralph D. Scott III (#2015127)
Lax, Vaughan, Fortson, Rowe & Threet, P.A.
11300 Cantrell Road, Suite 201
Little Rock, AR 72212
(501) 376-6565 Main
(501) 376-6666 Facsimile
tscott@laxvaughan.com

*Attorneys for Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy by United States Mail, first-class postage prepaid, and by email, upon the following pro se Plaintiffs:

Amanda Lynn Valle
P.O. Box 1112
Newport, Washington 99156
av2712911@gmail.com

Zachariah Jacob Valle
P.O. Box 1112
Newport, Washington 99156
trusteeoffice0@gmail.com

*/s/ Ralph D. Scott III*
Ralph D. Scott III