FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 16, 2026
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FORT SMITH DIVISION

AMANDA LYNN VALLE and ZACHARIAH JACOB VALLE, Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES LLC, Defendant.

Case No. 2:26-cv-02144-DCF

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiffs Amanda Lynn Valle and Zachariah Jacob Valle, proceeding pro se, oppose Equifax Information Services LLC's Partial Motion to Dismiss (Doc. 20) and supporting brief (Doc. 21). Equifax seeks dismissal with prejudice of all claims by Zachariah, Amanda's reasonable-procedures claim under 15 U.S.C. § 1681e(b), Amanda's reinvestigation claim under § 1681i insofar as based on Ally, and claims for willful noncompliance under § 1681n. Plaintiffs request denial to the extent their pleaded allegations plausibly state a claim, preservation of the remaining § 1681i claims, and, alternatively, dismissal without prejudice or leave to request amendment where a defect is curable.

## II. STANDARD

On a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiffs' favor, while legal conclusions alone do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se pleadings are construed liberally, but must still state a plausible

claim. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiffs do not ask the Court to presume facts that were not pleaded or to resolve a disputed legal entitlement to a debt as though it were necessarily a credit-reporting inaccuracy.

## III. ARGUMENT

### A. The specifically pleaded factual discrepancies and reinvestigation allegations warrant preservation of the unchallenged portions of Count I.

The First Amended Complaint ("FAC") identifies an objectively checkable discrepancy concerning Amanda's First Interstate Bank opening date: Equifax displayed March 26, 2025, whereas the underlying bank record identified September 17, 2019. FAC ¶¶ 15–17. It also identifies a disputed Chase opening date (May 19, 2023 reported versus May 19, 2019 reflected in an internal record) and a potentially inconsistent Chase date of first delinquency, subject to examination of the original account records. FAC ¶¶ 18–21. Amanda alleges disputes and the absence of substantive reinvestigation results for certain accounts. FAC ¶¶ 5, 8, 16, 21, 26–27. Equifax answered these First Interstate and Chase allegations rather than moving to dismiss those portions of the § 1681i claim. Doc. 22 ¶¶ 15–21, 26. Those claims should remain pending irrespective of the disposition of the challenged claims.

### B. The Ally allegations concern a potentially misleading payment-history presentation, as well as a separate Texas-law deficiency dispute.

Equifax attempts to reduce the Ally allegations to a collateral dispute over state-law enforceability. That characterization is incomplete. Plaintiffs do dispute Ally's compliance with Texas repossession law, but they also challenge whether Equifax's presentation of the account accurately and completely conveyed the status and chronology of the asserted deficiency after notice of a specific dispute. The issue at this stage is whether the pleaded facts permit a

reasonable inference of materially misleading reporting and an inadequate reinvestigation—not whether Plaintiffs have already proved the merits of their separate arbitration.

The FAC identifies a specific sequence warranting examination: a May 12, 2023 date of first delinquency, a May payment-history display marked paid on time, followed by June shown as 60 days late and July as 90 days late. FAC ¶¶ 10–12. Plaintiffs do not contend that those entries conclusively establish an error in isolation. They contend that Equifax should not obtain dismissal by selecting only Ally's asserted delinquency date while disregarding the entire reported sequence and the dispute identifying the inconsistency. Whether the codes are consistent with Ally's actual records and whether a reasonable reinvestigation resolved the discrepancy are distinct questions from whether the underlying debt is legally enforceable.

The reported approximately $12,862 deficiency is also contested because Plaintiffs allege nonreceipt of pre- and post-disposition notices and dispute compliance with applicable Texas Uniform Commercial Code provisions, including Tex. Bus. & Com. Code §§ 9.611, 9.614, and 9.616. Plaintiffs do not assert that every notice violation automatically cancels a debt or that Equifax must decide disputed Texas-law rights. Rather, Plaintiffs contend that the reported amount's presentation as an outstanding deficiency should be assessed in light of the precise information Equifax received, the account's disputed status, and whether any independently verifiable factual representation was misleading. Rydholm v. Equifax Information Services, LLC, 44 F.4th 1105 (8th Cir. 2022), does not immunize a CRA from investigating an objectively verifiable reporting discrepancy merely because a related legal dispute exists. If the Court finds that the FAC does not sufficiently identify an actionable Ally reporting error, Plaintiffs request an opportunity to amend rather than a merits determination with prejudice before the relevant reporting and investigation records are examined.

C. Equifax's demand to dismiss every claim of Zachariah Valle overlooks the pleaded dispute and the need to distinguish commercial purpose from accurate personal-file reporting.

Zachariah's dispute was not an abstract objection to a lender's business model. The FAC alleges that Snap-on treated the underlying tool financing as business-purpose, while reporting the account on Zachariah's individual Equifax consumer file; Zachariah disputed the characterization and accuracy of that reporting. FAC ¶¶ 22–24. Snap-on's public commercial-financing position is consistent with the contract characterization described in the FAC. Zachariah did not operate a separate business merely because the tools were used for work. The question is not whether all business-purpose obligations are categorically excluded from personal credit files; they are not. The question is whether the particular entry accurately conveyed the nature of this obligation and Zachariah's individual responsibility, and whether Equifax reasonably addressed the dispute actually submitted.

The account was subsequently deleted from Zachariah's Equifax file at Snap-on's request in approximately February 2026. That deletion does not, by itself, establish prior inaccuracy, an admission by Snap-on, or an FCRA violation. Equally, deletion does not automatically erase a potentially actionable earlier failure to reinvestigate. Equifax's motion emphasizes the absence of a specifically identified erroneous field and of sufficiently pleaded concrete injury. Plaintiffs submit that the pleaded sequence should be read liberally and as a whole, but recognize that conclusory disagreement cannot replace a material factual inaccuracy or injury. If the Court requires the exact field, account-liability designation, dispute transmission, or further injury particulars, the appropriate alternative is leave to seek amendment on facts that can be supported, not dismissal with prejudice of every Zachariah claim.

D. The § 1681e(b) claim is distinct from § 1681i; the absence of an identified recipient should not defeat independent reinvestigation claims.

Equifax argues that Amanda does not identify a third party who received an inaccurate Equifax consumer report. The FAC expressly acknowledges this limitation and does not attribute a denial based on another bureau's report to Equifax. FAC ¶¶ 30, 33. Plaintiffs do not contend that an internal consumer file necessarily establishes that Equifax prepared and furnished a consumer report. They ask the Court to evaluate the reasonable-procedures claim on its own elements, without extending any ruling on that claim to the separately pleaded § 1681i claims. To the extent this claim is dismissed for insufficient allegations of dissemination, Plaintiffs request dismissal without prejudice if amendment supported by facts remains possible.

E. Willfulness is a distinct damages theory; any adequately pleaded negligence claim should survive independently.

Equifax seeks dismissal of all claims for willful noncompliance. Plaintiffs acknowledge that willfulness requires knowing or reckless conduct, not simply an unfavorable dispute outcome. Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 57–58, 69 (2007). The FAC requests § 1681n relief only if willfulness is proved and also seeks actual damages for negligent noncompliance under § 1681o. FAC ¶¶ 28, 35. If the Court determines the present facts do not plausibly support willfulness, Plaintiffs request that the ruling be confined to that theory and not extinguish otherwise adequately pleaded negligent violations under § 1681i.

F. Any dismissal with prejudice should be limited to claims the Court determines cannot be cured.

Equifax asks for dismissal with prejudice because Plaintiffs amended once. But one prior amendment is not a categorical finding of futility. Fed. R. Civ. P. 15(a)(2) directs courts to give leave freely when justice so requires, subject to recognized limitations. Plaintiffs do not claim an automatic right to further amendment, nor seek to add unsupported facts by brief. They request that any dismissal identify the particular pleading defect and, where a legally viable claim could

be pleaded with additional supported particulars, be without prejudice or accompanied by leave to move to amend. Dismissing all of Zachariah's claims and the Ally claim with prejudice before discovery of Equifax's dispute-handling records would be a disproportionate result if the deficiencies are curable.

IV. CONCLUSION

For these reasons, Plaintiffs request that the Court deny Equifax's Partial Motion to Dismiss (Doc. 20); permit Zachariah's disputed-reporting and reinvestigation claims and Amanda's Ally-based reinvestigation claim to proceed to the extent the FAC plausibly states them; preserve Amanda's Chase and First Interstate § 1681i claims, which Equifax has not moved to dismiss; reject any inference that the later deletions necessarily defeat earlier actionable conduct; and deny dismissal with prejudice. Alternatively, Plaintiffs request leave to seek amendment of any specifically identified curable pleading deficiency. Plaintiffs request such other relief as is just and proper.

Respectfully submitted,

/s/ Amanda Lynn Valle

Amanda Lynn Valle, Plaintiff pro se

P.O. Box 1112, Newport, WA 99156

av2712911@gmail.com

/s/ Zachariah Jacob Valle

Zachariah Jacob Valle, Plaintiff pro se

P.O. Box 1112, Newport, WA 99156

trusteeoffice0@gmail.com

CERTIFICATE OF SERVICE

We certify that on November 16, 2026, a true and correct copy of this Response in Opposition was served by email upon counsel for Defendant at tscott@laxvaughan.com. A paper copy will also be sent by first-class United States Mail to counsel at the address below.

Ralph D. Scott III

Lax, Vaughan, Fortson, Rowe & Threet, P.A.

11300 Cantrell Road, Suite 201

Little Rock, AR 72212

tscott@laxvaughan.com

/s/ Amanda Lynn Valle /s/ Zachariah Jacob Valle

Amanda Lynn Valle Zachariah Jacob Valle